FILED
MAR - 2 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY JAMES PAUL, <br><br> Petitioner, <br><br> vs. <br><br> TOM L. CAREY, Warden, <br><br> Respondent. | No. C 05-3460 CRB (PR) <br><br> ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS |

In November 2002, Petitioner Bobby James Paul was convicted by a jury in the Superior Court of the State of California in and for the County of Santa Clara of possession of cocaine for sale, and was sentenced to an eight-year prison term. Petitioner appealed, but on May 21, 2004 the California Court of Appeal affirmed the trial court's judgment, and on August 11, 2004 the California Supreme Court denied review.

Petitioner now seeks federal habeas corpus relief, claiming that the trial court violated his right to due process and his Sixth Amendment right to confrontation by not allowing him to present exculpatory evidence. Specifically, Petitioner argues that he should have been able to introduce into evidence the fact that the individual the police suspected had engaged in a drug transaction with him did not have drugs in his possession after interacting with Petitioner. Per order filed on January 19, 2006, the court found that the petition, when liberally construed, appeared to state minimally cognizable claims under 28 U.S.C. § 2254 and ordered respondent to show cause why a writ of habeas corpus should not be

granted. Respondent has filed an answer to the order to show cause and Petitioner has filed a reply.

## FACTUAL BACKGROUND

The California Court of Appeal summarized the facts of the case as follows:

> In March 2002, two San Jose Police Officers were on patrol in plain clothes in an area of San Jose called Fountain Alley. While on patrol, the officers saw a person known as "X" [FN1] approach defendant and another man named Walker. After "X" contacted defendant, defendant motioned to Walker. "X" then sat down on a bench next to Walker.
>
> > FN1. The prosecution relied entirely on the observations of the arresting officer, and did not disclose the identity of its confidential informant, "X."
>
> One of the officers, who was standing between 60 and 100 feet from the group, saw Walker take his left hand and put it down on the bench between himself and "X." "X" then put his right hand down in the same area of the bench where Walker put his hand, then he raised his hand and held it in front of his face. "X" put his hand back down on the bench, stood up, and walked away from the area.
>
> Defendant and Walker were arrested. While at the processing center at the local jail, defendant told the officers he had five rocks of cocaine concealed in his buttocks. Defendant then removed a cellophane bag containing eight rocks of crack cocaine. Each rock was individually wrapped, and contained .15 grams of cocaine base. Defendant also had $106 in three or four crumpled wads in his two front pockets. He did not have a cell-phone, ledger or smoking device. During booking, defendant provided a home address in Oakland and told the police he was unemployed.
>
> At trial, one of the arresting officers testified regarding the nature of crack cocaine dealers in the Fountain Alley area of San Jose. He stated that none of the arrests he had participated in involved the dealer possessing a ledger or scale, and that most transactions involved exchanges of $20 for a quarter-gram rock of crack cocaine. The officer further testified that dealers often keep money in different pockets because the drugs do not always belong to them. The money is separated into accounts receivable and accounts payable. He had never heard of anyone smoking more than two or three rocks in one day. The officer opined that someone who possessed eight rocks of cocaine concealed in his

2

buttocks, had stashes of money in two different pockets, was unemployed, and lived in Oakland was a seller rather than a user.

The defense at trial was that defendant possessed the crack cocaine for personal use, not for sale.

People v. Paul, No. H025398, 2004 Cal. App. Unpub. LEXIS 4870, **1-3 (Cal. Ct. App. May 21, 2004).

## DISCUSSION

A.  Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The writ may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.

1  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. Therefore, a federal habeas court determining whether federal law was unreasonably applied should ask whether the state court's application of clearly established Federal law was "objectively unreasonable." Id. at 409.

The only definitive source of "clearly established Federal law" for this inquiry under 28 U.S.C. § 2254(d) is in the holdings of the Supreme Court as of the time of the state court decision. Id. at 412; Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir. 2003). While circuit court decisions may provide persuasive authority for determining whether a state court decision constitutes an unreasonable application of Supreme Court precedent, only the holdings of the Supreme Court are binding on the state courts, and so only those holdings need be "reasonably" applied. Id.

B.  Analysis

Petitioner argues that "[t]he denial of the right to introduce the fact that no drugs were found on "X" immediately after the interaction" was fundamentally unfair, and "handcuffed petitioner in the presentation of his defense," constituting a violation of his due process and confrontation rights. Pet. at 18, 23.

Failure to comply with state evidentiary rules is neither a necessary nor a sufficient basis for granting federal habeas corpus relief on due process grounds. See Henry v. Kernan, 197 F.3d 1021, 1031 (9th Cir. 1999); Jammal v. Van de Kamp, 926 F.2d 918, 919 (9th Cir. 1991). A federal court may only interfere with the state court decision if it finds that the evidentiary ruling violated fundamental due process. See Henry, 197 F.3d at 1031; Jamal, 926 F.2d at 919. Therefore, the

4

issue here is whether Petitioner is entitled to federal habeas relief because, as Petitioner claims, the exclusion of parts of his statement rendered his trial fundamentally unfair.

Generally speaking, the exclusion of evidence that is "highly relevant" to a defense contravenes due process. See Green v. Georgia, 442 U.S. 95, 97 (1979) (finding a due process violation when testimony excluded at trial "was highly relevant to a critical issue in the punishment phase of the trial" regardless of the state's hearsay rule); Chambers v. Mississippi, 410 U.S. 284, 302-03 (1973) (holding that exclusion of witness testimony that was "critical evidence" violated a defendant's due process rights).

In deciding whether the exclusion of evidence violates a person's due process or confrontation rights, a court must balance the following factors: (1) the probative value of the excluded evidence on the central issue; (2) its reliability; (3) whether the trier of fact would be capable of evaluating the evidence; (4) whether it is the sole evidence on the issue or merely cumulative; and (5) whether it constitutes a major part of the attempted defense. Chia v. Cambra, 360 F.3d 997, 1004 (9th Cir. 2004); Drayden v. White, 232 F.3d 704, 711 (9th Cir. 2000). The court must also give due weight to the state interests underlying the state evidentiary rules on which the exclusion was based. See Chia, 360 F.3d at 1006 (balancing California's minimal interest in excluding reliable statements that constituted hearsy, with petitioner's immense interest in presenting evidence "extraordinarily relevant" to a determination of guilt or innocence).

Even if the exclusion of evidence amounts to a violation of due process or of a person's right to confrontation, habeas relief may be granted only if the error had a substantial and injurious effect on the verdict. See Brecht v. Abrahamson, 507 U.S. 619, 637 (1993). In other words, the error must have resulted in "actual

5

prejudice." Id.

The California Court of Appeal found that the state court did not violate Petitioner's constitutional rights in excluding evidence, and that the exclusion of the evidence at issue was not prejudicial:

> In this case, defendant has not established a reasonable probability that the verdict would have been favorable to him had the trial court admitted evidence of whether or not "X" had crack cocaine after he interacted with defendant. This is particularly true in light of the strong evidence of possession for sale that was presented at trial. Specifically, the fact that defendant had eight rocks of crack cocaine concealed on his person, all individually wrapped, no implements to smoke the crack (e.g., a pipe), and sums of money in two different pockets all create an inference of possession for sale. Based on this evidence, there is no reasonable probability that the verdict would have been favorable to defendant (in the form of a simple possession of crack cocaine) if the trial court admitted evidence of the fact that "X" did not have crack in his possession.

People v. Paul, 2004 Cal. App. Unpub. LEXIS 4870 at *6-7.

This court agrees. Applying the Chia test, the Court finds as follows: First, the probative value of the excluded evidence was low with respect to the central issue in the case. Petitioner's contention that "whether a sale actually occurred was directly relevant to the issue of intent" is of little relevance to the crime of possession of drugs for sale. Petitioner was not charged with the actual sale of drugs. Second, the reliability of the evidence is unknown because it is unclear how thoroughly the police officers searched "X" for drugs. Third, it appears that a trier of fact would be capable of evaluating the excluded evidence. Fourth, it is unlikely that the excluded evidence would have lessened the impact of the other evidence presented at trial. As noted by the California Court of Appeal, there was strong evidence presented at trial that supported a conviction of possession of cocaine for sale, including the fact that Petitioner had eight individually-wrapped rocks of crack cocaine concealed on his person, no pipe or other implement to smoke the crack, and money in two pockets. Finally, the excluded evidence could

not have constituted a major part of Petitioner's defense at trial because it was not extraordinarily relevant to the charge of possession for sale. Again, Petitioner was not charged with sale of crack cocaine.

In light of the fact that four of the five Chia factors weigh against Petitioner, the exclusion of evidence cannot be said to have amounted to a violation of Petitioner's constitutional rights, or that Petitioner's interest in presenting the evidence outweighed the state court's interest in excluding the evidence. Cf. Pool v. Dowdle, 834 F.2d 777, 780 (9th Cir. 1987) (no due process violation to exclude expert testimony where testimony was cumulative and not major part of defense); Miller v. Stagner, 757 F.2d 988, 994-95 (9th Cir. 1985) (evidence obtained by police excluded on grounds of misconduct by police does not violate right to present defense of entrapment where not probative of central issue of guilt and activities of police all took place after arrest of petitioner; connection with defense of entrapment too tenuous), amended, 768 F.2d 1090 (9th Cir. 1985); Perry v. Rushen, 713 F.2d 1447, 1453-55 (9th Cir. 1983) (no constitutional violation in excluding evidence that another man was seen near scene and that he had history of sexual attacks where identification of petitioner was strong).

Even if the exclusion of the evidence had amounted to constitutional error, petitioner would not be entitled to federal habeas relief because it cannot be said that the "error" had a substantial and injurious effect on the jury's verdict. See Brecht, 507 U.S. at 637. The excluded evidence would have had little impact on the jury in light of the other substantial evidence of guilt presented at trial. The California Court of Appeal's rejection of the claim was not contrary to, or involved an unreasonable application of, clearly established federal law, or involved an unreasonable determination of the facts. See 28 U.S.C. § 2254(d). The state court

1  reasonably concluded that any error was harmless.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED.

The clerk shall enter judgment in favor of respondent and close the file.

SO ORDERED.

DATED: March 02, 2007

_____
CHARLES R. BREYER
United States District Judge

G:\CRBALL\2005\3460\BobbyJamesPaulOrder.wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

PAUL,

        Plaintiff,

v.

CAREY et al,

        Defendant.

Case Number: CV05-03460 CRB

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 5, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Bobby James Paul P-81918
5150 O'Byrnes Ferry Rd.
Jamestown, CA 95327

Ross C. Moody
Attorney General of the State of California
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004

Dated: March 5, 2007

                                        Richard W. Wieking, Clerk
                                        By: Barbara Espinoza, Deputy Clerk